# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

**Vincent Edward Johnson**                                                    **Plaintiff**

### No. 3:14-CV-00061-JTR

**Carolyn W. Colvin, Acting Commissioner,**                                   **Defendant**
**Social Security Administration**

### MEMORANDUM AND ORDER

Vincent Edward Johnson seeks judicial review of the denial of his second application for social security disability benefits.[1] Johnson's application flowed from a January 2007 on-the-job back injury.[2] Because the first application was denied on September 28, 2007,[3] this case considers whether Johnson was disabled beginning September 29, 2007.[4] Johnson bases his claim on back pain, hip pain, and headaches.[5]

**The Commissioner's decision**. An ALJ issued three decisions for Johnson's

---

[1] SSA record at pp. 283 & 287 (applying for disability benefits on Sept. 9, 2009 and alleging disability beginning Jan. 10, 2007).

[2] *Id*. at p. 448 (reporting that his leg got stuck while getting off of a bobcat and he strained his back).

[3] *Id*. at p. 337 (indicating first application was denied on Sept. 28, 2007).

[4] *Hulsey v. Astrue*, 622 F.3d 917, 924 (8th Cir. 2010) ("The law-of-the-case doctrine generally prevents relitigation of an issue previously resolved, and requires courts to adhere to decisions rendered in earlier proceedings. This doctrine applies to administrative agencies on remand.").

[5] SSA record at p. 338.

claim.[6]  The Commissioner's Appeals Council remanded the first two decisions for reasons with no bearing on this case.[7]  This case considers the third decision.

In the third decision, the ALJ determined Johnson has severe impairments — lumbar disc bulging, pain in both shoulders, right hand/arm weakness, and osteoarthritis in the hips[8] — but he can do some light work.[9]  Because a vocational expert identified available light work,[10] the ALJ concluded that Johnson is not disabled under the Social Security Act and denied the application.[11]

After the Commissioner's Appeals Council denied a request for review,[12] the decision became a final decision for judicial review.[13]  Johnson filed this case to

---

[6]*See id.* at p. 119 (May 5, 2011), p. 138 (June 26, 2012) & p. 12 (July 22, 2013).

[7]*Id.* at p. 132 (Oct. 20, 2011) & p. 155 (Mar. 1, 2013).

[8]*Id.* at p. 14.

[9]*Id.* at p. 16.

[10]*Id.* at p. 54.

[11]*Id.* at p. 24.

[12]*Id.* at p. 1.

[13]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

challenge the decision.[14] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[15]

**Johnson's argument**. Johnson challenges the determination that he can do some light work. He contends the combination of low back pain, chronic right shoulder pain and weakness, knee pain, and osteoarthritis in the hips prevent him from working. He faults the ALJ for failing to articulate a reason for discounting the first agency examiner's limitation on prolonged walking. He questions whether the ALJ properly considered financial hardship in assessing his credibility. He maintains the vocational expert's testimony conflicts with the Dictionary of Occupational Titles (DOT).[16] For the reasons discussed below, the Court concludes that Johnson's final argument has merit.

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Johnson can do some

---

[14]Docket entry # 1.

[15]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[16]Docket entry # 11.

light work.[17]  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[18]  The ALJ reduced light work by excluding frequent bending, crouching, climbing, and overhead reaching with the right arm, and requiring work that allows a worker to alternate between sitting and standing.[19]  The court must determine whether a reasonable mind would accept the evidence as adequate to show Johnson can work within these limitations.

**Whether the vocational evidence was adequate to show Johnson can work within the ALJ's limitations.**

When asked about work for a person with Johnson's limitations, the vocational expert identified two representative jobs: production assembler and marker.[20]  Johnson maintains identifying these jobs created an unresolved conflict with the DOT.  He contends the conflict requires the court to remand this case.

The purpose of a vocational expert is to "to assess whether jobs exist for a

---

[17] *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[18] 20 C.F.R. §§ 404.1567(b) & 416.967(b).

[19] SSA record at p. 16.

[20] *Id.* at p. 54.

person with the claimant's precise disabilities."[21] Johnson's argument is based on the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), which lists frequent reaching as a physical requirement for production assembler and marker,[22] and defines reaching as "[e]xtending hand(s) and arm(s) in any direction."[23]

The ALJ addressed the possibility of conflict by asking whether the vocational expert's testimony was consistent with the DOT. The vocational expert answered "yes," other than the need for a sit/stand option; that aspect of the vocational expert's testimony was based on personal observation.[24]

The Eighth Circuit has emphasized that, where there is an "apparent unresolved conflict" between VE testimony and the DOT, an ALJ "must elicit a reasonable explanation for the conflict and resolve the conflict by determining if the explanation given by the expert provides a basis for relying on the VE testimony rather than on the DOT information." *Moore v. Colvin*, 769 F.3d 987, 989-990 (8th Cir. 2014) (internal quotations and alterations omitted) (citing SSR 00-4p). Importantly, an "ALJ is not

---

[21]*Gilliam v. Califano*, 620 F.2d 691, 694 n.1 (8th Cir. 1980).

[22]SCO at pp.98 & 281.

[23]SCO, app. C, p. C-3.

[24]SSA record at p. 55.

absolved of this duty merely because the VE answered 'yes' when asked if her testimony is consistent with the DOT." *Moore*, 769 F.3d at 990 (*citing Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir 2014) ("the record does not reflect whether the VE or the ALJ even recognized the possible conflict between the hypothetical"). While inconsistencies may be explained with "adequate rebuttal," the facts of this case do not present such a situation. *See Welsh v. Colvin*, 765 F.3d 926, 928 (8th Cir. 2014) (the VE adequately explained the inconsistency with the DOT by testifying about "her experience observing people at work" and citing a survey published in a vocational journal).

**Conclusion**.  Substantial evidence does not support the ALJ's determination that there are positions available in the national economy that Johnson can perform because the VE's testimony conflicts with the DOT and that conflict was not resolved. For this reason, the Court REMANDS this case to the Commissioner for further proceedings.

It is so ordered this 13th day of March, 2015.

_____
United States Magistrate Judge